[L. A. No. 26373. In Bank. Aug. 15, 1961.]

ANITA P. FLORES, Plaintiff and Appellant, v. ESTHER G. ARROYO, Defendant and Respondent.

Max Tendler and Gerald Friedman for Plaintiff and Appellant.

Wolver & Wolver and Eugene L. Wolver for Defendant and Respondent.

McCOMB, J.—From a judgment of dismissal entered after the sustaining of defendant's general demurrer without leave to amend in an action to impose a trust and for an accounting, plaintiff appeals.

CHRONOLOGY

(1) On or about April 8, 1928, plaintiff married Frank G. Flores.

(2) November 25, 1953, plaintiff and Mr. Flores separated.

(3) October 25, 1956, plaintiff filed an action for divorce against Mr. Flores, being case No. D-511182. The parties entered into a property settlement agreement on or about October 12, 1956, and a supplement thereto November 1, 1956. The real property which is the subject of this action, allegedly purchased by Mr. Flores in 1955 in the name of defendant with community property funds belonging to him and plaintiff, was not covered by said property settlement agreement or supplement. At the trial of the divorce action the property settlement agreement and the supplement thereto were received in evidence, and they are a part of the clerk's transcript on this appeal.

(4) March 21, 1958, a final decree of divorce was entered in the divorce action filed by plaintiff against Frank G. Flores.

(5) Thereafter Frank G. Flores married defendant, Esther G. Arroyo, also known as Esther Arroyo Flores. Subsequent to such marriage defendant filed an action for divorce against Frank G. Flores, being action No. D-544500, and an interlocutory judgment of divorce, which has since become final, was entered therein in favor of defendant. Said judgment quieted the title of defendant, as against Mr. Flores, to the real property which is the subject of this action.

(6) March 17, 1959, plaintiff filed the present action against defendant, entitled an "Action to Declare Trust in Real Property, and an Accounting." Mr. Flores is not a party to the litigation.

Defendant demurred to the first amended complaint on three grounds: (a) Failure to state a cause of action; (b) res judicata arising from plaintiff's divorce action from Mr. Flores; and (c) res judicata arising from defendant's divorce action from Mr. Flores.

The trial court, taking judicial notice of the judgments in both of the prior divorce actions, sustained the demurrer, in general terms, without leave to amend and entered a judgment of dismissal of the action.

These questions are presented for determination:

First. *Did the complaint, as amended, state a cause of action against defendant?*

*Yes.* ▮ It is part of a husband's fiduciary duties to account to the wife for the community property when the

spouses are negotiating a property settlement agreement, and a breach of this duty deprives the wife of an opportunity to protect her rights in the concealed assets and warrants equitable relief from a judgment approving the agreement. (*Vai* v. *Bank of America, ante,* p. 329 [15 Cal.Rptr. 71, 364 P.2d 247]; *Jorgensen* v. *Jorgensen,* 32 Cal.2d 13, 21 [5] [193 P.2d 728]; *Dandini* v. *Dandini,* 120 Cal.App.2d 211, 216 [3] [260 P.2d 1033].)

■ The first amended complaint contained these allegations: That plaintiff and Frank G. Flores were married in 1928; that in 1953 Frank G. Flores and defendant "conceived the plan, scheme and device of using the community funds and earnings of the plaintiff and her then husband, the said Frank G. Flores, with which to purchase the hereinafter described real property and to have title thereto taken in the name of the defendant, Esther G. Arroyo, for the purpose of cheating, deceiving and defrauding the plaintiff; that pursuant to said design, plan and scheme, and upon the oral promise of said Esther G. Arroyo to convey legal title to the improved real property to said Frank G. Flores upon his demand, the said Frank G. Flores purchased the said real property with community funds"; that for the purpose of concealing this purchase defendant and Frank G. Flores caused the property to be conveyed directly to defendant and to be recorded in her name alone; that "plaintiff herein instituted an action for divorce against said Frank G. Flores in the above-entitled Court, being case number 'D-511 182' in the month of November, 1956; that plaintiff herein secured an Interlocutory Decree of Divorce in said action on January 7, 1957; that a Final Decree in said matter was entered on or about March 20, 1958"; that at the time of negotiations between plaintiff and Frank G. Flores leading to a property settlement agreement in November 1956 "defendant caused Frank G. Flores to, and Frank G. Flores did, represent and state to the plaintiff that the said property settlement agreement [which made no mention of the subject real property] contained therein all of the community property of said Frank G. Flores and plaintiff, and plaintiff relied upon said statements and representations"; that "plaintiff was thereby prevented from litigating the question of her rights in and to said . . . real property; that in said divorce action the question of the property rights of the plaintiff was a material issue . . .; that the defendant and Frank G. Flores knew and intended to secure the agreement and consent of plaintiff to the terms and conditions of the

aforesaid property settlement agreement . . .; [t]hat by reason of the fraud and concealment of defendant and Frank G. Flores . . . plaintiff agreed to the said property settlement agreement and the same was submitted to the Court and made a part of the decree in said divorce action''; and that plaintiff first discovered the above alleged facts in January 1959 and thereupon brought this action.

Plaintiff prayed for a judgment declaring that defendant holds the property in question subject to plaintiff's community property rights, and to that extent in trust for plaintiff, and requiring defendant to convey to plaintiff ''that which is found to be plaintiff's interest therein,'' and to render an accounting.

No reference was made in the first amended complaint to the divorce action by defendant against Mr. Flores.

Applying the above-stated rule of law to the facts alleged in the first amended complaint as set forth above, it is clear that a cause of action for extrinsic fraud was alleged by plaintiff against defendant and that the action was not barred by plaintiff's judgment of divorce from Frank G. Flores.

██ *Collins* v. *Collins,* 48 Cal.2d 325, 331 [7] [309 P.2d 420], relied on by defendant, is clearly not contrary to the rule of law set forth above, but is in accord therewith, for it is stated in such case in discussing property settlement agreements between a husband and wife in a divorce action: ''It is a long recognized rule that such settlements between husband and wife (*of course in the absence of fraud*) are highly favored in the law.'' (Italics added.)

██ Second. *In ruling on a demurrer essentially founded on res judicata, may a court take judicial notice of a prior judgment in a different case even though such judgment or its content is not pleaded in the complaint, provided (a) the judgment is appropriately drawn to the court's attention and (b) the plaintiff has adequate notice and opportunity to be heard on the question of the effect of such judgment?*

*Yes.* Courts take judicial notice of the public and private official acts of the judicial departments of this state and of the United States and the laws of the several states of the United States and the interpretation thereof by the highest courts of appellate jurisdiction of such states. (Code Civ. Proc., § 1875, subd. 3; *Hammell* v. *Britton,* 19 Cal.2d 72, 75 [1] [119 P.2d 333]; *Stafford* v. *Ware,* 187 Cal.App.2d 227, 228 [2] et seq. [9 Cal.Rptr. 706]; *Christiana* v. *Rose,* 100 Cal. App.2d 46, 52 [4] [222 P.2d 891]; *Estate of Monks,* 48

Cal.App.2d 603, 618 [11] [120 P.2d 167] [hearing denied by the Supreme Court]; *cf. City of Los Angeles* v. *Abbott,* 217 Cal. 184, 192 et seq. [17 P.2d 993]; *Sewell* v. *Johnson,* 165 Cal. 762, 770 [134 P. 704, Ann.Cas. 1915B 645]; *Taliaferro* v. *Taliaferro,* 178 Cal.App.2d 140, 141 [1] [2 Cal.Rptr. 716].)

Any statements in prior cases decided by this court contrary to the rule we now approve are overruled, e.g., *Wolfsen* v. *Hathaway,* 32 Cal.2d 632 [198 P.2d 1]; *Sewell* v. *Price,* 164 Cal. 265 [128 P. 407]; *Ralphs* v. *Hensler,* 97 Cal. 296 [32 P. 243].

Any statements in decisions of the District Courts of Appeal contrary to the rule announced in this decision are disapproved, e.g., *Cherry* v. *Hayden,* 100 Cal.App.2d 416 [223 P.2d 878]; *Popcorn Equipment Co.* v. *Page,* 92 Cal.App.2d 448 [207 P.2d 647]; *Olds* v. *Peebler,* 66 Cal.App.2d 76 [151 P.2d 901]; *Liberty Mut. Ins. Co.* v. *Superior Court,* 62 Cal. App.2d 601 [145 P.2d 344]; *Johnston* v. *Ota,* 43 Cal.App.2d 94 [110 P.2d 507]; *Estate of Fulton,* 8 Cal.App.2d 423 [48 P.2d 120]; *Plum* v. *Indian Valley Bank,* 118 Cal.App. 13 [4 P.2d 543].

In the present case the prior judgment which was not pleaded in the complaint, but of which the trial court took judicial notice, was appropriately drawn to the attention of that court, and plaintiff had adequate notice and opportunity to be heard on the question of the effect of such judgment. It was therefore proper for the court to give it judicial notice.

 For the purpose of testing the question of law raised, a demurrer admits all material and issuable facts pleaded. (*Woodroof* v. *Howes,* 88 Cal. 184, 189 [26 P. 111]; *Lee* v. *Hensley,* 103 Cal.App.2d 697, 704 [3] [230 P.2d 159].)

 In the present case the complaint alleges extrinsic fraud committed by defendant and Mr. Flores in depriving plaintiff of her interest in the property involved. These allegations are sufficient to constitute defendant an involuntary trustee for the benefit of plaintiff under the terms of section 2224 of the Civil Code, there being no showing of another and better right thereto in defendant. Under the circumstances, the judgment in defendant's divorce action quieting her title to the property as against Mr. Flores, the other alleged defrauding party, can be regarded only as a step in the execution of the alleged plan and hence no bar to the present action.

The judgment is reversed.

Gibson, C. J., Traynor, J., Schauer, J., Peters, J., White, J., and Dooling, J., concurred.