[Civ. No. 23817.   First Dist., Div. Three.   Mar. 29, 1968.]

KATHLEEN S. BAKER, Plaintiff and Appellant, v. FRANK E. BAKER, Defendant and Respondent.

Llewellyn Johns and B. V. Yturbide for Plaintiff and Appellant.

Healy & Robinson and Rodric L. Robinson for Defendant and Respondent.

SALSMAN, J. — The plaintiff-appellant brouught this action to set aside a judgment of divorce on the ground of extrinsic fraud perpetrated upon her by her husband, the defendant in the original divorce proceeding and respondent here. The superior court sustained respondent's general demurrer to appellant's complaint and refused leave to amend, on the ground that the allegations contained in the complaint were not sufficient to vitiate the res judicata effect of the divorce judgment, which became final in 1965 after modification by this court on appeal. (See *Baker* v. *Baker*, 233 Cal.App.2d 569 [34 Cal.Rptr. 811].)     Our review of the record, however, convinces us that the ruling is in error and must be reversed.

The facts leading up to the filing of the complaint in the present action are not in dispute. The parties were married in 1942. After many years of marriage, appellant filed a complaint for divorce against her husband. He in turn filed a cross-complaint. In pretrial negotiations her husband purported to make a full disclosure of all the community

property. In reliance upon his representations appellant entered into a stipulation with him as to the extent and nature of their common property. Later, after trial proceedings, the court granted each party a divorce, allowed alimony, and divided the community property equally on the basis of the stipulation. Appellant took an appeal from that judgment. While her appeal was pending she discovered that her husband's representations to her concerning the extent of the community property were false and that there was in fact undisclosed community property in a substantial amount in possession of her husband at the time she was induced to enter into the stipulation. The existence of these facts was called to the attention of this court. By stipulation of the parties we augmented the record so as to reflect the newly discovered community property. Our opinion modified the trial court's judgment so as to make an equal division of the concealed community property, but in all other respects we affirmed the judgment. (See *Baker* v. *Baker, supra,* at pp. 574, 575.)

We need not recite the allegations of the present complaint in detail. It is sufficient to say that, as we read it, appellant has attempted to say that respondent concealed other community property in existence at the time of her divorce which was not recovered on the former appeal, and that she is entitled to a share of such property. That is the basis upon which she seeks to set aside the prior judgment. It may be conceded that she has imperfectly stated her cause of action, but it is clear that, given the opportunity, she could readily amend her complaint so as to state a cause of action sufficient to withstand a general demurrer.

We are aware of the fact that the trial court believed the decision on the former appeal settled all of the issues in the present action and that all matters alleged in the complaint now before us were rendered res judicata by that decision. But that view is not correct. The appellate decision did not take account of any community property other than that recited in the opinion. Obviously it had no reference to property which even then remained undisclosed. As we have said, the allegations of the complaint now before us seem to refer to community property other than that heretofore disclosed. It is appellant's contention, and we think the point well taken, that concealment and nondisclosure of community property by a husband at the time of divorce proceedings is a violation of his fiduciary duties as manager of the community assets, and that such a violation is the type of extrinsic fraud

which warrants equitable relief against a judgment based at least in part upon such fraud. (*Flores* v. *Arroyo,* 56 Cal.2d 492 [15 Cal.Rptr. 87, 364 P.2d 263] ; *Vai* v. *Bank of America,* 56 Cal.2d 329 [15 Cal.Rptr. 71, 364 P.2d 247].)

It is well established that during the marriage the husband is the manager of the community property and entitled to exercise control over it. (Civ. Code, §§ 161a, 172, 172a.) In his capacity as manager of the assets of the marital partnership he occupies a position of trust and confidence with respect to his marital partner. He is subject to all the legal duties and obligations imposed upon trustees generally (*Fields* v. *Michael,* 91 Cal.App.2d 443, 447 [205 P.2d 402] ; *People* v. *Schlette,* 139 Cal.App.2d 165, 166 [293 P.2d 79]) and is bound by the fundamental principles governing all trust relationships. It is his duty to act in the utmost good faith towards his wife. He may not obtain any advantage over her by misrepresentation, concealment or fraud. (See Civ. Code, §§ 2228, 2229.) If in the course of a divorce proceeding he violates his trust and thereby secures a judgment which in part rests upon his breach of fiduciary duty, the injured wife may set aside the judgment. (*Flores* v. *Arroyo, supra,* 56 Cal.2d 492, 494-495; *Clark* v. *Clark,* 195 Cal.App.2d 373, 379-382 [15 Cal.Rptr. 863] ; *Jorgensen* v. *Jorgensen,* 32 Cal.2d 13, 18-19 [193 P.2d 728].) Concealment by the husband of the nature and extent of community property is the kind of fraud which courts in many cases have classified as extrinsic, since it operates to deprive the wife of any trial on a material issue in the case. When such fraud is present—whether it be labelled extrinsic or intrinsic—it constitutes grounds for invalidating the judgment. (See *Flores* v. *Arroyo, supra; Vai* v. *Bank of America, supra; Jorgensen* v. *Jorgensen, supra; Protopappas* v. *Protopappas,* 213 Cal.App. 2d 659 [28 Cal.Rptr. 884] ; *Clark* v. *Clark, supra; Dandini* v. *Dandini,* 120 Cal.App.2d 211 [260 P.2d 1033].)

There may be room to doubt whether appellant will be able to prove that additional community property was concealed. However, procedures other than the general demurrer sustained without leave to amend are available to test the factual foundations of appellant's allegations. The demurrer sustained in this case makes discovery impossible and prevents proper amendment of the complaint. We recognize, of course, the danger of harassment inherent in any attack upon a final divorce judgment. But by permitting a collateral attack on the judgment as a sanction to discourage fraudulent conceal-

ment of community assets, our courts have implicitly regarded such a breach of the manager's fiduciary duty as a greater danger. Here, appellant has attempted to allege facts sufficient to bring her within the protection of the rules we have stated. Although her first attempt may have been inadequate, it was error to deny her the right to try again.

The judgment is reversed.

Draper, P. J., and Brown (H. C.), J., concurred.