[No. B234236. Second Dist., Div. Five. May 17, 2012.]

JSJ LIMITED PARTNERSHIP, Plaintiff and Respondent, v.
MORSE MEHRBAN, Defendant and Appellant.

COUNSEL

Law Offices of Julie Mehrban and Julie Mehrban for Defendant and Appellant.

Law Office of Steve Hernandez and Steve Hernandez for Plaintiff and Respondent.

OPINION

MOSK, J.—

## INTRODUCTION

Defendant and appellant Morse Mehrban (Mehrban) appeals from the trial court's order denying his special motion to strike filed under the anti-SLAPP (strategic lawsuit against public participation) statute, Code of Civil Procedure section 425.16.[1] Mehrban contends that the statutory requirements were met in that the complaint is one arising from protected activity and plaintiff and respondent JSJ Limited Partnership (JSJ) did not demonstrate a probability of prevailing on its causes of action for abuse of process and malicious prosecution. We hold that the litigation privilege bars the claim for abuse of process and that the voluntary dismissal of a claim after a court held that the claim was barred by the doctrine of res judicata was not a favorable termination for purposes of malicious prosecution. Because the motion should have been granted, we reverse and remand the matter to the trial court to grant the motion and to determine whether Mehrban is entitled to an award of attorney fees.

## BACKGROUND

### A. *Garcia's 2008 Lawsuit*

In 2008, Alfredo Garcia filed a complaint against JSJ asserting one cause of action entitled "Violation of Civil Code sections 54 and 54.1" (2008

---

[1] All statutory citations are to the Code of Civil Procedure unless otherwise noted.

Lawsuit). Mehrban was Garcia's attorney in that lawsuit and filed the complaint on Garcia's behalf. In that complaint, Garcia alleged that JSJ was the owner and lessor of a parcel of real property on which a restaurant was operated. Garcia alleged that he "could not walk and was wheel-chair bound," and when he patronized the restaurant on five occasions in January and February 2008, he was "unable to use the restroom paper towel and toilet seat cover dispensers because they were mounted too far above the floor, and unable to use the toilet because it failed to provide him two grab (support) bars." Garcia sought "$1,000 for each violation of Civil Code sections 54 and 54.1, [and] attorney fees and costs . . . ." Following a court trial, the trial court entered judgment in favor of JSJ.

### B. *Garcia's 2009 Lawsuit*

In 2009, Garcia, with Mehrban as his counsel, filed a second complaint against JSJ (2009 Lawsuit). In that case, Garcia alleged two causes of action, entitled "Violation of Civil Code Section 51" and "Violation of Civil Code Sections 54 and 54.1," respectively. Garcia again alleged that JSJ was the owner of a parcel of real property on which a restaurant parking lot was located and Garcia "could not walk and was wheel-chair bound." In this complaint, Garcia alleged that "during the preceding year, [JSJ] failed and refused . . . to provide [him] . . . a designated van-accessible handicap parking spot with a 96-inch-wide access aisle . . . ," and "[Garcia] would have patronized said facility on at least 4 occasions during that period but for the fact that he knew he would be denied full and equal access to the parking lot." Garcia sought "$16,000 in damages, permanent injunctive relief, attorney's fees, [and] costs . . . ."

The trial court sustained JSJ's demurrer to the complaint on the ground that the doctrine of res judicata barred Garcia's claim and granted Garcia 10 days' leave to amend the complaint, stating, "[Garcia] acknowledges that both [the 2008 Lawsuit and the 2009 Lawsuit] assert violations of the ADA [(Americans with Disabilities Act of 1990; 42 U.S.C. § 12101 et seq.)] based on architectural barriers. . . . [Garcia's] argument that the difference between the architectural barriers (inability to use the restroom versus inability to use the parking lot) bars the application of res judicata has no merit . . . . Nor can [Garcia] elude the effect of res judicata by arguing that res judicata 'is not a bar to claims that arise after the initial complaint is filed.' In his opposition [Garcia] asserts that his attempts to use the parking lot occurred in September 2008, after the visits he made in January and February 2008 when he was unable to use the bathroom. However, nowhere in the complaint does [Garcia] allege the date or dates on which he attempted to visit the restaurant;

there is no allegation that he attempted to visit the restaurant in September 2008 but was unable to do so due to lack of a handicap parking spot. [¶] Further, based on [Garcia's] assertion in his opposition that he attempted to visit the restaurant in September 2008, the pleading appears to be a sham since [Garcia] alleged in the first lawsuit that he in fact visited the restaurant in January and February 2008. These purported facts give rise to the reasonable inference that the lack of a handicap parking spot did not deter [Garcia] from visiting the restaurant in January and February 2008." Garcia did not amend the complaint and filed a request for dismissal as to the entire action without prejudice.

### C. *This Action*

In 2011, JSJ filed a verified complaint against Mehrban[2] and Garcia[3] alleging causes of action for malicious prosecution and abuse of process. JSJ alleged that (1) the trial court sustained a demurrer to the complaint in the 2009 Lawsuit, granting Garcia 10 days' leave to amend, but Garcia did not amend the complaint and dismissed the entire action without prejudice, (2) in sustaining the demurrer the trial court stated, as noted above, "the pleading appears to be a sham . . . ," (3) the complaints in the 2008 Lawsuit and 2009 Lawsuit "directly contradict each other," and (4) JSJ "files this lawsuit . . . against . . . [Mehrban] for contriving the 2nd lawsuit for retribution because JSJ prevailed in the first lawsuit."

In its claim for malicious prosecution, JSJ alleged that Mehrban knew or should have known the complaint in the 2009 Lawsuit had no merit, Mehrban caused the complaint to be filed without probable cause, and the complaint was filed for "retribution and . . . to require [JSJ] to spend his [*sic*] money unnecessarily." In its claim for abuse of process, JSJ alleged that Mehrban and Garcia "claimed [in the 2009 Lawsuit] they could not patronize JSJ's restaurant, even though a few weeks before they were testifying in the [2008 Lawsuit] that they entered and patronized the restaurant. [¶] [Mehrban and Garcia] filed a voluntary dismissal that was in response to the Court's ruling on the Demurrer and written statement that the subject Complaint was a sham pleading. [¶] [Mehrban and Garcia] acted without probable cause in initiating the prosecution of the [2009 Lawsuit], in that they did not honestly, reasonable, [*sic*] and in good faith believe JSJ to be liable therein because they knew that GARCIA had not even gone to the restaurant and was simply filing

---

[2] The complaint names as defendants, in part, Mehrban and Mehrban "dba LAW OFFICES OF [Mehrban]."

[3] Garcia is not a party to this appeal.

the lawsuit as retribution for prevailing on the prior lawsuit. [¶] . . . [Mehrban and Garcia] filed the lawsuit solely out of a malicious motivation to cause harm to JSJ . . . ."

Mehrban filed a special motion to strike the lawsuit under section 425.16 (anti-SLAPP motion), contending that the complaint he filed on behalf of Garcia arose from a protected activity. He maintained that JSJ could not show a probability of prevailing on its abuse of process claim because the complaint in the 2009 Lawsuit was privileged under the litigation privilege doctrine. Mehrban argued that JSJ could not show a probability of prevailing on its malicious prosecution claim because (1) the 2009 Lawsuit was not terminated in JSJ's favor on the merits; (2) the complaint in the 2009 Lawsuit was instituted by Mehrban with probable cause in that the lawsuit was not barred by the doctrine of res judicata, it was not a "sham," and the facts alleged had been transmitted to Mehrban by Garcia and verified by Garcia under penalty of perjury; and (3) Mehrban did not institute the 2009 Lawsuit with malice. In support of Mehrban's anti-SLAPP motion, Garcia declared that because there were problems arranging for legal representation for an appeal, he decided voluntarily to dismiss the 2009 Lawsuit. He also recited the facts underlying his claim. Mehrban confirmed that Garcia had told him of those facts before he filed the action and that he was unable at the time to handle the appeal.

JSJ opposed the motion, contending that its complaint did not arise from a protected activity for purposes of section 425.16, and that it could establish a probability of prevailing on its claims. JSJ's managing partner stated that JSJ had been in compliance with the ADA (Americans with Disabilities Act of 1990). JSJ submitted additional material that reflected adversely on Garcia, and Mehrban filed a responsive declaration by Garcia. The trial court, after ruling on evidentiary objections, denied the anti-SLAPP motion, but did not state its rationale for doing so.

## DISCUSSION

### A. *Appealability and Standard of Review*

An order granting a special motion to strike under section 425.16 is directly appealable. (§§ 425.16, subd. (i), 904.1, subd. (a)(13).) We review de novo the trial court's order denying an anti-SLAPP motion. (*Flatley v. Mauro* (2006) 39 Cal.4th 299, 325 [46 Cal.Rptr.3d 606, 139 P.3d 2]; *Christian Research Institute v. Alnor* (2007) 148 Cal.App.4th 71, 79 [55 Cal.Rptr.3d

600].) We do not weigh the evidence; rather, we accept as true evidence favorable to JSJ, and evaluate evidence favorable to Mehrban to determine whether it defeats JSJ's claim as a matter of law. (*Soukup v. Law Offices of Herbert Hafif* (2006) 39 Cal.4th 260, 269, fn. 3 [46 Cal.Rptr.3d 638, 139 P.3d 30]; *Dyer v. Childress* (2007) 147 Cal.App.4th 1273, 1279 [55 Cal.Rptr.3d 544].)

### B. *Legal Principles*

■ " 'A SLAPP suit—a strategic lawsuit against public participation— seeks to chill or punish a party's exercise of constitutional rights to free speech and to petition the government for redress of grievances. [Citation.] The Legislature enacted Code of Civil Procedure section 425.16—known as the anti-SLAPP statute—to provide a procedural remedy to dispose of lawsuits that are brought to chill the valid exercise of constitutional rights. [Citation.]' (*Rusheen v. Cohen* (2006) 37 Cal.4th 1048, 1055–1056 [39 Cal.Rptr.3d 516, 128 P.3d 713].)" (*Rohde v. Wolf* (2007) 154 Cal.App.4th 28, 34 [64 Cal.Rptr.3d 348].) "The goal [of section 425.16] is to eliminate meritless or retaliatory litigation at an early stage of the proceedings." (*Seelig v. Infinity Broadcasting Corp.* (2002) 97 Cal.App.4th 798, 806 [119 Cal.Rptr.2d 108].)

■ Section 425.16 provides that "[a] cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim." (§ 425.16, subd. (b)(1).) In considering the application of the anti-SLAPP statute, courts engage in a two-step process. " 'First, the court decides whether the defendant has made a threshold showing that the challenged cause of action is one arising from protected activity. . . . If the court finds such a showing has been made, it then determines whether the plaintiff has demonstrated a probability of prevailing on the claim.' [Citation.]" (*Taus v. Loftus* (2007) 40 Cal.4th 683, 712 [54 Cal.Rptr.3d 775, 151 P.3d 1185].) " ' " 'The defendant has the burden on the first issue, the threshold issue; the plaintiff has the burden on the second issue. [Citation.]' [Citation.]" [Cita-tions.]' " (*Rohde v. Wolf, supra*, 154 Cal.App.4th at pp. 34–35.) " 'Only a cause of action that satisfies *both* prongs of the anti-SLAPP statute—i.e., that arises from protected speech or petitioning *and* lacks even minimal merit—is a SLAPP, subject to being stricken under the statute.' [Citation.]" (*Governor Gray Davis Com. v. American Taxpayers Alliance* (2002) 102 Cal.App.4th 449, 456 [125 Cal.Rptr.2d 534].)

"To demonstrate a probability of prevailing on the merits, the plaintiff must show that the complaint is legally sufficient and must present a prima facie showing of facts that, if believed by the trier of fact, would support a judgment in the plaintiff's favor. [Citations.] The plaintiff's showing of facts must consist of evidence that would be admissible at trial. [Citation.] The court cannot weigh the evidence, but must determine whether the evidence is sufficient to support a judgment in the plaintiff's favor as a matter of law, as on a motion for summary judgment. [Citations.]" (*Hall v. Time Warner, Inc.* (2007) 153 Cal.App.4th 1337, 1346 [63 Cal.Rptr.3d 798]; see *College Hospital Inc. v. Superior Court* (1994) 8 Cal.4th 704, 719, fn. 5 [34 Cal.Rptr.2d 898, 882 P.2d 894]; *1-800 Contacts, Inc. v. Steinberg* (2003) 107 Cal.App.4th 568, 585 [132 Cal.Rptr.2d 789].)

### C. *Protected Activity*

Mehrban contends that he met his burden of proving JSJ's claims arise from protected activity. JSJ disagrees, contending that its complaint "is not attempting to 'stop' a citizen's right to bring a claim under the American's with Disabilities Act . . . . JSJ file[d] [the] lawsuit because JSJ knows it to be a fact that the disabled parking access has been in existence since 1997 . . . . Therefore, it would have been impossible for GARCIA to truthfully state in his 2009 LAWSUIT that there was no parking access for the disabled as alleged in the 2009 Lawsuit." JSJ further contends that Mehrban had reason to believe that Garcia fabricated the 2009 Lawsuit because prior lawsuits brought by Garcia were not meritorious, and that Garcia used money from the lawsuits to support himself.

The subjective intent of a party in filing a complaint is irrelevant in determining whether it falls within the ambit of section 425.16. "There simply is 'nothing in the statute requiring the court to engage in an inquiry as to the plaintiff's subjective motivations before it may determine [whether] the anti-SLAPP statute is applicable.' (*Damon v. Ocean Hills Journalism Club* [(2000)] 85 Cal.App.4th [468,] 480 [102 Cal.Rptr.2d 205].)" (*Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 58 [124 Cal.Rptr.2d 507, 52 P.3d 685].)

The complaint in the 2009 Lawsuit was a "written or oral statement or writing made before a . . . judicial proceeding . . . ." (§ 425.16, subd. (e)(1); see *Contemporary Services Corp. v. Staff Pro Inc.* (2007) 152 Cal.App.4th 1043, 1055 [61 Cal.Rptr.3d 434] ["Defendants' act of filing the complaint [for abuse of process] in the underlying action squarely falls within section 425.16, subdivision (e)(1)."].) Filing a lawsuit is an act in furtherance of the constitutional right of petition, regardless of whether it has merit. (See, e.g., *Navellier v. Sletten* (2002) 29 Cal.4th 82, 90 [124 Cal.Rptr.2d 530, 52 P.3d

703]; *Briggs v. Eden Council for Hope & Opportunity* (1999) 19 Cal.4th 1106, 1115 [81 Cal.Rptr.2d 471, 969 P.2d 564]; *Mattel, Inc. v. Luce, Forward, Hamilton & Scripps* (2002) 99 Cal.App.4th 1179, 1188 [121 Cal.Rptr.2d 794]; *Chavez v. Mendoza* (2001) 94 Cal.App.4th 1083, 1087–1088 [114 Cal.Rptr.2d 825].)

The complaint in this action was based on the filing of the 2009 Lawsuit. That complaint was filed against Mehrban "for contriving the [2009 Lawsuit] for retribution because JSJ prevailed in the [2008 Lawsuit]." The complaint arose from protected activity and is a proper subject of a motion made pursuant to the anti-SLAPP statute.

### D. *Probability of Prevailing on Merits*

Mehrban contends that JSJ failed to meet its burden of demonstrating a likelihood it would prevail on the merits of its claims for abuse of process and malicious prosecution. We agree.

#### 1. *Abuse of Process*

 "The common law tort of abuse of process arises when one uses the court's process for a purpose other than that for which the process was designed." (*Rusheen v. Cohen, supra*, 37 Cal.4th at p. 1056.) "To succeed in an action for abuse of process, a litigant must establish that the defendant (1) contemplated an ulterior motive in using the process, and (2) committed a willful act in the use of the process not proper in the regular conduct of the proceedings." (*Id.* at p. 1057.)

 JSJ's claim for abuse of process is barred by the litigation privilege. (Civ. Code, § 47; *Rohde v. Wolf, supra*, 154 Cal.App.4th at pp. 37–38.) "The litigation privilege under section 47 is ' "an 'absolute' privilege, and it bars all tort causes of action except a claim of malicious prosecution." [Citation.]' (*Flatley[ v. Mauro,] supra*, 39 Cal.4th p. 322.) . . . [¶] The privilege in section 47 is 'relevant to the second step in the anti-SLAPP analysis in that it may present a substantive defense plaintiff must overcome to demonstrate a probability of prevailing. [Citations.]' [Citation.]" (*Rohde v. Wolf, supra*, 154 Cal.App.4th at p. 38.)

JSJ cites *Booker v. Rountree* (2007) 155 Cal.App.4th 1366 [66 Cal.Rptr.3d 733], contending that the litigation privilege does not apply to bar a cause of action based on noncommunicative conduct. Unlike in *Booker*, however, the complaint here is based on a communicative act—the complaint in the 2009 Lawsuit. The complaint is not based, as in *Booker*, on the noncommunicative act of refraining from filing a claim in order to prosecute successive lawsuits.

As noted above, JSJ alleged the complaint was filed against Mehrban "for contriving the [2009 Lawsuit] . . . ." Because Mehrban is being sued for filing the 2009 Lawsuit against JSJ, "the litigation privilege (Civ. Code, § 47, subd. (b)) forecloses the pursuit of" the abuse of process cause of action. (*Daniels v. Robbins* (2010) 182 Cal.App.4th 204, 216 [105 Cal.Rptr.3d 683].)

JSJ also contends that it filed its complaint because the 2009 Lawsuit was filed for an improper purpose—essentially to extort a settlement. "The relevant California authorities establish, however, that while a defendant's act of improperly instituting or maintaining an action may, in an appropriate case, give rise to a cause of action for malicious prosecution, the mere filing or maintenance of a lawsuit—even for an improper purpose—is not a proper basis for an abuse of process action. [Citations.]" (*Oren Royal Oaks Venture v. Greenberg, Bernhard, Weiss & Karma, Inc.* (1986) 42 Cal.3d 1157, 1169 [232 Cal.Rptr. 567, 728 P.2d 1202].) Plaintiff's abuse of process claim is based on the allegation that defendant misused the litigation process by filing a frivolous lawsuit. Accordingly, JSJ has failed to carry its burden of a probability of success with regard to the abuse of process claim. (*Contemporary Services Corp. v. Staff Pro Inc.*, *supra*, 152 Cal.App.4th at p. 1059.)

### 2. *Malicious Prosecution*

█ " '[I]n order to establish a cause of action for malicious prosecution of either a criminal or civil proceeding, a plaintiff must demonstrate "that the prior action (1) was commenced by or at the direction of the defendant and was pursued to a legal termination in his, plaintiff's, favor [citations]; (2) was brought without probable cause [citations]; and (3) was initiated with malice [citations]." ' [Citation.]" (*Casa Herrera, Inc. v. Beydoun* (2004) 32 Cal.4th 336, 341 [9 Cal.Rptr.3d 97, 83 P.3d 497].) "[C]ourts have long recognized that the tort has the potential to impose an undue 'chilling effect' on the ordinary citizen's willingness to report criminal conduct or to bring a civil dispute to court, and, as a consequence, the tort has traditionally been regarded as a disfavored cause of action. [Citations.]" (*Sheldon Appel Co. v. Albert & Oliker* (1989) 47 Cal.3d 863, 872 [254 Cal.Rptr. 336, 765 P.2d 498], fn. omitted.)

" 'The first element of a malicious prosecution cause of action is that the underlying case must have been terminated in favor of the malicious prosecution plaintiff. The basis of the favorable termination element is that the resolution of the underlying case must have tended to indicate the malicious prosecution plaintiff's innocence. [Citations.] When prior proceedings are terminated by means other than a trial, the termination must reflect on the merits of the case and the malicious prosecution plaintiff's innocence of the

misconduct alleged in the underlying lawsuit.' (*HMS Capital*[, *Inc. v. Lawyers Title Co.* (2004)] 118 Cal.App.4th [204,] 214 [12 Cal.Rptr.3d 786].)" (*Daniels v. Robbins, supra,* 182 Cal.App.4th at p. 217.)

█ Garcia voluntarily dismissed his 2009 Lawsuit after the trial court ruled that the doctrine of res judicata barred his claim. The dismissal of an action does not necessarily mean that there has been a favorable termination for purposes of a malicious prosecution action. As stated by the court in *Robbins v. Blecher* (1997) 52 Cal.App.4th 886 [60 Cal.Rptr.2d 815], " 'A voluntary dismissal may be an implicit concession that the dismissing party cannot maintain the action and may constitute a decision on the merits. [Citations.] "It is not enough, however, merely to show that the proceeding was dismissed." [Citation.] The reasons for the dismissal of the action must be examined to determine whether the termination reflected on the merits.' [Citations.]" (*Id.* at pp. 893–894.) Whether that dismissal is a favorable termination for purposes of a malicious prosecution claim depends on whether the dismissal of the 2009 Lawsuit is considered to be on the merits reflecting JSJ's "innocence" of the misconduct alleged. (See *Dalany v. American Pacific Holding Corp.* (1996) 42 Cal.App.4th 822, 829 [50 Cal.Rptr.2d 13] ["a favorable termination is necessary as a reflection of the malicious prosecution plaintiff's innocence in the prior proceeding"].)

JSJ contends, "The underlying reasons for termination of GARCIA's 2009 Complaint [by voluntary dismissal] was that the Cause of Action was barred by Res Judicata." Mehrban contends that the trial court erroneously ruled that the complaint in the 2009 Lawsuit was barred by res judicata. Mehrban says Garcia voluntarily dismissed the 2009 Lawsuit and never appealed the trial court's order because Mehrban's workload inhibited the pursuit of an appeal. The failure to appeal the order rendered it final and not reviewable. (*Melbostad v. Fisher* (2008) 165 Cal.App.4th 987, 998 [81 Cal.Rptr.3d 354]; *Machado v. Superior Court* (2007) 148 Cal.App.4th 875, 884 [55 Cal.Rptr.3d 902].)

█ Under the doctrine of res judicata, "a judgment for the defendant serves as a bar to further litigation of the same cause of action." (*Mycogen Corp. v. Monsanto Co.* (2002) 28 Cal.4th 888, 897 [123 Cal.Rptr.2d 432, 51 P.3d 297]; see *Estate of Redfield* (2011) 193 Cal.App.4th 1526, 1534 [124 Cal.Rptr.3d 402].) JSJ relies on the res judicata ruling to support its position that the dismissal constituted a termination on the merits. Otherwise there is no reason to determine that the dismissal reflected on the merits.

If the trial court's ruling that res judicata bars the 2009 Lawsuit is procedural rather than substantive, the voluntary dismissal would not be considered a favorable termination for purposes of malicious prosecution.

"[A] 'technical or procedural [termination] as distinguished from a substantive termination' is not favorable for purposes of a malicious prosecution claim. [Citation.] Examples include dismissals (1) on statute of limitations grounds [citations]; (2) pursuant to a settlement [citation]; or (3) on the grounds of laches [citation]." (*Casa Herrera, Inc. v. Beydoun, supra,* 32 Cal.4th at p. 342.) Other examples include (1) for lack of jurisdiction (*Lackner v. LaCroix* (1979) 25 Cal.3d 747, 750–751 [159 Cal.Rptr. 693, 602 P.2d 393] [" '[A] dismissal . . . for lack of jurisdiction [citation omitted] not only is not on the merits, it is unreflective of the merits; neither the judgment of the court nor that of the prosecuting party on the merits is implicated in the dismissal. . . .' [Citations.]"]); (2) for being moot (*Robbins v. Blecher, supra,* 52 Cal.App.4th 886, 894–895); (3) for lack of standing (*Hudis v. Crawford* (2005) 125 Cal.App.4th 1586, 1591–1592 [24 Cal.Rptr.3d 50]); (4) for being premature (*Drummond v. Desmarais* (2009) 176 Cal.App.4th 439, 457 [98 Cal.Rptr.3d 183]); and (5) for avoiding litigation expenses (*Oprian v. Goldrich, Kest & Associates* (1990) 220 Cal.App.3d 337, 344–345 [269 Cal.Rptr. 429]).[4]

Whether a ruling that a claim barred by the doctrine of res judicata and dismissed based on that ruling results in a favorable termination for a malicious prosecution action is not an easy issue. It might seem that the disposal of a claim by the doctrine of preclusion has been favorably terminated. But so has one disposed of by the statute of limitations, a "technical" defense deemed not to be a favorable termination for malicious prosecution purposes. Moreover, in resolving this issue, we consider that "[t]he tort of malicious prosecution is disfavored . . . ." (*Zamos v. Stroud* (2004) 32 Cal.4th 958, 966 [12 Cal.Rptr.3d 54, 87 P.3d 802].) Res judicata, as the statute of limitations, is a defense that does not go to the substantive merits of the claim. Neither is it a determination of the actual "innocence" of a party.

Favorable terminations for purposes of malicious prosecution and for res judicata are different. "[A] favorable termination is necessary as a reflection of the malicious prosecution plaintiff's innocence in the prior proceeding. [Citation.] Res judicata and collateral estoppel on the other hand are not concerned with the actual merits of a prior adjudication but solely

---

[4] Cases in other jurisdictions are not in harmony as to whether some of the various "technical" grounds constitute a favorable termination for a malicious prosecution action. (See Annot. (1984) 30 A.L.R.4th 572.)

with the need for finality. [Citation.]" (*Dalany v. American Pacific Holding Corp., supra*, 42 Cal.App.4th at p. 829.)[5]

Res judicata can be viewed as procedural in connection with malicious prosecution, for res judicata is not based on whether a party's claim is actually meritorious. Rather, the doctrine is an affirmative defense, which as a matter of procedure, bars the claim—just as the statute of limitations does— whether the claim is meritorious or not. Just as the statute of limitations, res judicata can be waived if not asserted as an affirmative defense and proven. (5 Witkin, Cal. Procedure (5th ed. 2008) Pleading, § 1127, p. 555; Code Civ. Proc., § 1908.5; *Wolfsen v. Hathaway* (1948) 32 Cal.2d 632, 638 [198 P.2d 1], overruled on other grounds in *Flores v. Arroyo* (1961) 56 Cal.2d 492, 497 [15 Cal.Rptr. 87, 364 P.2d 263] [if prior judgment raised on demurrer may be judicially noticed]; *Rodgers v. Sargent Controls & Aerospace* (2006) 136 Cal.App.4th 82, 88 [38 Cal.Rptr.3d 528] ["res judicata is an affirmative defense that must be pled or otherwise raised in the trial court to avoid waiver" (italics omitted)].) The United States Supreme Court has referred to the doctrine of res judicata as being a "procedural" one. (*Lonchar v. Thomas* (1996) 517 U.S. 314, 322 [134 L.Ed.2d 440, 116 S.Ct. 1293]; see *Longo v. Globe Auto Recycling* (2001) 318 Ill.App.3d 1028 [252 Ill.Dec. 799, 743 N.E.2d 667, 675] ["the doctrine of res judicata is merely a procedural defense which can be waived if not raised" (italics omitted)]; *Mission West Properties, L.P. v. Republic Properties Corp.* (2011) 197 Cal.App.4th 707, 721 [129 Cal.Rptr.3d 14] [res judicata is a procedural device]; *U.S. ex rel. Bell v. Pierson* (7th Cir. 2001) 267 F.3d 544, 556 [res judicata is a procedural bar].)

JSJ alleged that Mehrban knew or should have known the complaint in the 2009 Lawsuit had no merit and notes that the trial court stated "the pleading appears to be a sham . . . ." In *Warren v. Wasserman, Comden & Casselman* (1990) 220 Cal.App.3d 1297, 1302–1303 [271 Cal.Rptr. 579], the court noted that the plaintiff contended that the dismissal of a claim based on the statute of limitations when the defendant prosecuted the claim knowing the statute of limitations had run should constitute a favorable termination for purposes of malicious prosecution. The court stated, "[The plaintiff] confuses the elements of probable cause and favorable termination. Whether a prior action was legally tenable goes to the issue of probable cause, that is, did the defendant have an honest and reasonable belief in the truth of the allegations. [Citation.] Whether a prior action was terminated favorably tends to show the innocence of the defendant in the prior action [citations], and is not affected by the objective tenability of the claim. In short, these two elements of the

---

[5] For example, a case dismissed with prejudice pursuant to a settlement agreement would be a bar for res judicata purposes, but not a favorable termination for malicious prosecution purposes. (See *Jaress & Leong v. Burt* (D. Hawaii 2001) 150 F.Supp.2d 1058, 1063–1064, fn. 5.)

malicious prosecution tort serve different purposes, and the legal tenability of the underlying action is not the standard by which to judge whether the action was terminated in [the plaintiff's] favor. The standard, as *Lackner*[ *v. LaCroix*, *supra*, 25 Cal.3d 747] teaches, is simply whether the termination bears on the merits of the underlying action. [¶] An allegation defendants prosecuted a prior action knowing that the applicable statute of limitations has run on the claim does not constitute a favorable termination because it does not reflect on the merits of the action."

██ Accordingly, the successful invocation of the defense of res judicata in the underlying claim is not a determination on the merits for purposes of a malicious prosecution action. Thus, JSJ did not establish that Garcia's voluntary dismissal following the res judicata ruling was on the merits in connection with its malicious prosecution claim.

██ As stated by the court in *Warren v. Wasserman, Comden & Casselman, supra*, 220 Cal.App.3d at page 1303, filing a lawsuit knowing that it is barred "is a petty act which wastes judicial resources[;] if a litigant wants to pursue a malicious prosecution action under those circumstances, he must eschew the procedural defense, forgo the easy termination, and obtain a favorable judgment on the merits. Otherwise, the policy reasons behind requiring a favorable termination would be thwarted if a litigant could meet the favorable termination requirement simply by alleging defendants knew the action was barred by the statute of limitations."

Accordingly, Mehrban's motion to dismiss pursuant to the anti-SLAPP statute should have been granted.

### E. *Other Contentions*

Because we conclude there was not a favorable termination of the 2009 Lawsuit for purposes of malicious prosecution, we do not reach the issue of whether the doctrine of res judicata was properly applied, or whether the 2009 Lawsuit was filed without probable cause or initiated with malice. Similarly, we do not have to reach Mehrban's claim of error in connection with evidentiary objections. Because we hold that the trial court erred in denying the anti-SLAPP motion, we deny JSJ's request for attorney fees and costs on appeal. Mehrban is entitled to costs on appeal (§ 425.16, subd. (c)(1); *Dove Audio, Inc. v. Rosenfeld, Meyer & Susman* (1996) 47 Cal.App.4th 777, 785 [54 Cal.Rptr.2d 830]), and we remand the matter to the trial court to determine whether Mehrban is entitled to an award of attorney fees (§ 425.16, subd. (c)(1); see *Carpenter & Zuckerman, LLP v. Cohen* (2011) 195 Cal.App.4th 373 [124 Cal.Rptr.3d 598]).

## DISPOSITION

The order denying the motion is reversed. Defendant Mehrban shall recover his costs on appeal. The matter is remanded to the trial court issue an order granting the motion to strike and to determine defendant Mehrban's entitlement to an award of attorney fees.

Turner, P. J., and Armstrong, J., concurred.