Filed 6/23/14  DLCC Corp. v. Chulak CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| DLCC CORPORATION,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>MICHAEL T. CHULAK et al.,<br><br>Defendants and Respondents. | B251007<br><br>(Los Angeles County<br>Super. Ct. No. BC497177) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Debre K. Weintraub, Judge.  Affirmed.

Law Offices of James T. Stroud and James T. Stroud for Plaintiff and Appellant DLCC Corporation.

Chulak & Perez and Gary M. Schumacher for Defendants and Respondents Michael T. Chulak and Michael T. Chulak & Associates.

_____

This appeal arises from a malicious prosecution action brought by appellant DLCC Corporation (DLCC) against respondents Michael T. Chulak and his law firm, Michael T. Chulak & Associates (collectively, Chulak). On behalf of his client, Chulak filed a lawsuit against DLCC, asserting three causes of action for accounting, negligence, and breach of fiduciary duty. While the first lawsuit was pending, Chulak filed a second lawsuit against DLCC and two other defendants, which asserted the same three causes of action against DLCC based on the same factual allegations. The trial court sustained a demurrer brought by DLCC in the second lawsuit and dismissed with prejudice each of cause of action alleged against DLCC in that second suit. DLCC then filed this malicious prosecution action against Chulak and his client, alleging that the second lawsuit was brought with malice and without probable cause and was terminated in DLCC's favor. The trial court granted Chulak's special motion to strike the malicious prosecution complaint pursuant to Code of Civil Procedure[1] section 425.16, and DLCC now appeals that ruling. For the reasons set forth below, we affirm.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

### I.     The First Lawsuit Filed Against DLCC

Michael Chulak is an attorney representing the Alhambra Gardens Homeowners Association. On February 22, 2012, acting on behalf of the Homeowners Association, Chulak filed a civil action against DLCC in Los Angeles County Superior Court (Case No. GC048960) ("the first lawsuit"). The first lawsuit asserted three causes of action against DLCC for accounting, negligence, and breach of fiduciary duty. The complaint specifically alleged that DLCC was hired to manage the day-to-day affairs of the Alhambra Gardens condominium complex in July 2007, and that it terminated its business relationship with the complex in December 2011. It further alleged that DLCC failed to adequately maintain the premises and to make necessary repairs during its

_____

[1]     Unless otherwise stated, all further statutory references are to the Code of Civil Procedure.

2

management of the property, and refused to provide the Homeowners Association with records and an accounting of all funds received at the termination of its services. The complaint sought an order requiring DLCC to provide a full accounting of all services rendered and funds received during its management of the property, to turn over any remaining funds belonging to the Homeowners Association, and to pay compensatory damages in an amount to be determined at trial.

## II.    The Second Lawsuit Filed Against DLCC

On April 3, 2012, while the first lawsuit was pending, Chulak filed a second civil action on behalf of the Homeowners Association in Los Angeles County Superior Court (Case No. GC049223) ("the second lawsuit"). The second lawsuit named DLCC, Alhambra Garden Estate LLC, and David Chen as defendants and asserted a total of nine causes of action. The complaint alleged that Alhambra Garden Estate was the developer of the condominium complex, that Chen was the operating officer of both DLCC and Alhambra Garden Estate, and that Chen and Alhambra Garden Estate hired DLCC to manage the day-to-day affairs of the complex. The first three causes of action in the second lawsuit were for accounting, negligence, and breach of fiduciary duty and contained, almost verbatim, the same factual allegations as the three causes of action asserted against DLCC in the first lawsuit. The remaining six causes of action were against Chen and Alhambra Garden Estate only and were based on common allegations that these defendants should have known of certain construction defects in the complex but failed to make necessary repairs or to maintain sufficient funds to provide for the proper management and operation of the property. The complaint in the second lawsuit sought the same relief as the first.

On June 12, 2012, James T. Stroud, an attorney for DLCC, sent Chulak a letter in which he pointed out that Chulak had "filed a second lawsuit based on the same facts and persons" and asked him to voluntarily dismiss that suit. Stroud also warned Chulak that "appropriate action [would] be taken" against him and his client without further notice if

3

the second suit was not promptly dismissed.  Chulak refused, however, to dismiss any causes of action alleged in either the first or second lawsuits.

In late June 2012, DLCC filed a demurrer to the three causes of action alleged against it in the second lawsuit.  The trial court sustained DLCC's demurrer to each of these causes of action without leave to amend, and on September 13, 2012, entered an order in the second lawsuit dismissing these three causes of action with prejudice.[2]  The causes of action alleged against DLCC in the first lawsuit remained pending before the trial court.  The first and second lawsuits were later consolidated for purposes of trial and currently are set for trial in August 2014.[3]

## III.    DLCC's Malicious Prosecution Action

On December 11, 2012, DLCC filed this malicious prosecution action against Chulak, the Homeowners Association, and two of the association's managing officers.  DLCC's malicious prosecution complaint alleged, in pertinent part, that Chulak had commenced and prosecuted the second lawsuit without probable cause because no reasonable attorney would file two separate lawsuits against the same party alleging the same causes of action.  It further alleged that Chulak maliciously had filed the second lawsuit to financially harm DLCC by forcing it to defend against two separate actions and to improperly coerce DLCC into settlement.  The complaint sought both compensatory and punitive damages.

On March 28, 2013, Stroud sent Chulak a letter regarding the pending malicious prosecution action in which he asserted that Chulak had created an irreconcilable conflict

---

[2]    In response to the second lawsuit, DLCC also filed a cross-complaint against the Homeowners Association and Chulak for declaratory relief and abuse of process.  They in turn filed a demurrer to the cross-complaint, which the trial court sustained without leave to amend.

[3]    Pursuant to Evidence Code section 452, subdivision (d), we grant DLCC's request for judicial notice of a subsequent minute order entered by the trial court in the first and second lawsuits setting both actions for a trial by jury on August 18, 2014.

4

of interest with the Homeowners Association by maliciously pursuing the second lawsuit. Stroud also advised Chulak that he intended bring a motion to disqualify counsel on behalf of DLCC if Chulak did not withdraw from his representation of the Homeowners Association in the first and second lawsuits.

## IV.    Chulak's Special Motion to Strike the Malicious Prosecution Complaint

On April 12, 2013, Chulak brought a special motion to strike DLCC's malicious prosecution complaint pursuant to section 425.16.  In the motion, Chulak argued that the filing of the second lawsuit on behalf of the Homeowners Association was an act in furtherance of the constitutional right of petition.  Chulak further asserted that DLCC could not prove a probability of prevailing in its action because the second lawsuit had not been terminated on the merits, Chulak acted with probable cause and no malice in pursuing the second lawsuit, and DLCC did not suffer damages.  In its opposition to the special motion to strike, DLCC contended that the filing of the second lawsuit was not a valid exercise of the right to petition, and even it was protected activity, DLCC had established a prima facie case of malicious prosecution sufficient to defeat to the motion.

On June 24, 2013, the trial court granted Chulak's special motion to strike and awarded Chulak attorney's fees in the amount of $6,140.  According to the notice of ruling filed by Chulak, the trial court granted the motion on the grounds that DLCC's malicious prosecution action arose from protected activity under section 425.16, and DLCC could not prove a probability of prevailing in its action because the evidence failed to show that the termination of the second lawsuit was on the merits.  On August 23, 2013, DLCC filed a timely notice of appeal from the trial court's order granting the special motion to strike.

DISCUSSION

## I.      Standard Of Review

Section 425.16 is commonly referred to as the anti-SLAPP statute.[4]  It provides, in pertinent part, that "[a] cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim." (§ 425.16, subd. (b)(1).) Section 425.16 must be "construed broadly" to effectuate the statute's purpose, which is to encourage participation in matters of public significance and to ensure that such participation is not chilled through an abuse of the judicial process.  (§ 425.16, subd. (a).)

Resolution of a section 425.16 special motion to strike requires a two-step process. First, the moving party must make a threshold showing that the challenged cause of action arises from constitutionally protected activity.  (*Rusheen v. Cohen* (2006) 37 Cal.4th 1048, 1056; *Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 67.)  If the moving party satisfies this prong, the burden shifts to the opposing party to demonstrate a probability of prevailing on the merits of the claim.  (*Rusheen v. Cohen*, *supra*, at p. 1056; *Equilon Enterprises v. Consumer Cause, Inc.*, *supra*, at p. 67.)  We review a trial court's ruling on a special motion to strike de novo, conducting an independent review of the entire record.  (*Flatley v. Mauro* (2006) 39 Cal.4th 299, 325; *Soukup v. Law Offices of Herbert Hafif* (2006) 39 Cal.4th 260, 269, fn. 3.)

## II.      Arising From Constitutionally Protected Activity

A cause of action arises from protected activity within the meaning of section 425.16 if the conduct of the defendant on which the cause of action is based was an act in furtherance of the defendant's right of petition or free speech.  (*City of Cotati v.*

---

[4]  SLAPP is an acronym for "Strategic Lawsuit Against Public Participation." (*Jarrow Formulas, Inc. v. LaMarche* (2003) 31 Cal.4th 728, 732, fn. 1.)

*Cashman* (2002) 29 Cal.4th 69, 78 ["statutory phrase 'cause of action . . . arising from' means simply that the defendant's act underlying the plaintiff's cause of action must *itself* have been an act in furtherance of the right of petition or free speech"]; *Navellier v. Sletten* (2002) 29 Cal.4th 82, 89 ["[i]n the anti-SLAPP context, the critical consideration is whether the cause of action is *based on* the defendant's protected free speech or petitioning activity"].)  Under section 425.16, an act in furtherance of the right of petition or free speech includes "any written or oral statement or writing made before a legislative, executive, or judicial proceeding" (§ 425.16, subd. (e)(1)), and "any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body" (§ 425.16, subd. (e)(2)).

It is well-established that filing a lawsuit is an exercise of a party's constitutional right of petition.  (*Soukup v. Law Offices of Herbert Hafif*, *supra*, 39 Cal.4th at p. 291 ["[t]he filing of lawsuits is an aspect of the First Amendment right of petition"]; *Navellier v. Sletten*, *supra*, 29 Cal.4th at p. 90 ["[t]he constitutional right of petition encompasses ""the basic act of filing litigation"""].)  The California Supreme Court accordingly has held that malicious prosecution actions fall within the scope of section 425.16 because "[b]y definition, a malicious prosecution suit alleges that the defendant committed a tort by filing a lawsuit." (*Jarrow Formulas, Inc. v. LaMarche*, *supra*, 31 Cal.4th at p. 735.) "The essence of [a] malicious prosecution claim is that the plaintiff in the underlying action . . . filed litigation that was improper because it was allegedly filed with a malicious motive and without probable cause.  This claim 'aris[es] from' the defendant's constitutionally protected petitioning activity, and therefore is subject to the anti-SLAPP statute.  [Citation.]" (*Chavez v. Mendoza* (2001) 94 Cal.App.4th 1083, 1087-1088.)

DLCC nevertheless argues that Chulak's conduct in filing the second lawsuit was not protected activity because the constitutional right of petition does not extend to the filing of multiple lawsuits against the same party alleging the same causes of action. DLCC thus asserts that, while the filing of the first lawsuit may have been a valid exercise of the right of petition, the filing of the second lawsuit was not.  However, DLCC does not cite to any legal authority, and we are aware of none, to support its

7

claim that a litigant has only one opportunity to participate in constitutionally protected petitioning activity and thereafter forgoes the First Amendment right of petition by filing a second duplicative suit. DLCC reasons that a party should not have a constitutional right to engage in vexatious and harassing litigation by splitting a cause of action into multiple lawsuits, as Chulak did here. However, "[t]he subjective intent of a party in filing a complaint is irrelevant in determining whether it falls within the ambit of section 425.16." (*JSJ Limited Partnership v. Mehrban* (2012) 205 Cal.App.4th 1512, 1521.) "Filing a lawsuit is an act in furtherance of the constitutional right of petition, regardless of whether it has merit. [Citations.]" (*Id*. at pp. 1521-1522.)

DLCC further contends that Chulak's filing of the second lawsuit was not protected activity because it constituted illegal conduct falling outside the scope of section 425.16. This claim likewise lacks merit. "[C]onduct that would otherwise come within the scope of the anti-SLAPP statute does not lose its coverage . . . simply because it is alleged to have been unlawful or unethical." (*Kashian v. Harriman* (2002) 98 Cal.App.4th 892, 910-911.) It is only in the "narrow circumstance" in which "the defendant concedes, or the evidence conclusively establishes, that the assertedly protected speech or petition activity was illegal as a matter of law, [that] the defendant is precluded from using the anti-SLAPP statute to strike the plaintiff's action." (*Flatley v. Mauro*, *supra*, 39 Cal.4th at pp. 316, 320.) Moreover, California courts consistently have interpreted this exception as applying to criminal conduct, and not merely to conduct in violation of a statute. (*Fremont Reorganizing Corp. v. Faigin* (2011) 198 Cal.App.4th 1153, 1169; *Price v. Operating Engineers Local Union No. 3* (2011) 195 Cal.App.4th 962, 971; *Mendoza v. ADP Screening & Selection Services, Inc.* (2010) 182 Cal.App.4th 1644, 1654.)

While DLCC asserts that Chulak acted "illegally" by splitting his client's causes of action into two separate lawsuits, there has been no suggestion that Chulak engaged in any criminal conduct in connection with either suit. Additionally, contrary to DLCC's argument on appeal, Chulak has not conceded any illegality nor has it been conclusively established by the evidence. In moving to strike the malicious prosecution complaint,

Chulak's firm specifically denied any wrongdoing in filing two separate actions against DLCC, and maintained that it pursued the claims alleged in the second lawsuit with probable cause and without any malice. Based on this record, Chulak met his burden of proving that the malicious prosecution action arose from constitutionally protected activity within the meaning of section 425.16.

### III. Probability of Prevailing on the Merits

Because Chulak made a threshold showing that the challenged conduct fell within the scope of section 425.16, the burden shifted to DLCC to prove a reasonable probability of prevailing on its claims. To demonstrate a probability of prevailing on the merits of a challenged cause of action, "the plaintiff must 'state[ ] and substantiate[ ] a legally sufficient claim.' [Citation.]" (*Jarrow Formulas, Inc. v. LaMarche*, *supra*, 31 Cal.4th at p. 741.) The plaintiff must make a prima facie showing of facts that would, if proven, support a judgment in his or her favor. (*Soukup v. Law Offices of Herbert Hafif*, *supra*, 39 Cal.4th at p. 291.) For purposes of this inquiry, the court "'"must accept as true the evidence favorable to the plaintiff [citation] and evaluate the defendant's evidence only to determine if it has defeated that submitted by the plaintiff as a matter of law."'" (*Flatley v. Mauro*, *supra*, 39 Cal.4th at p. 326.) Although "'the court does not *weigh* the credibility or comparative probative strength of competing evidence, it should grant the motion if, as a matter of law, the defendant's evidence supporting the motion defeats the plaintiff's attempt to establish evidentiary support for the claim.' [Citation.]" (*Soukup v. Law Offices of Herbert Hafif*, *supra*, at p. 291.)

"'[I]n order to establish a cause of action for malicious prosecution of either a criminal or civil proceeding, a plaintiff must demonstrate "that the prior action (1) was commenced by or at the direction of the defendant and was pursued to a legal termination in his [or her], plaintiff's, favor [citations]; (2) was brought without probable cause [citations]; and (3) was initiated with malice [citations]."' [Citation.]" (*Casa Herrera, Inc. v. Beydoun* (2004) 32 Cal.4th 336, 341.) "[C]ourts have long recognized that the tort has the potential to impose an undue 'chilling effect' on the ordinary citizen's willingness

9

to report criminal conduct or to bring a civil dispute to court, and, as a consequence, the tort has traditionally been regarded as a disfavored cause of action. [Citations.]" (*Sheldon Appel Co. v. Albert & Oliker* (1989) 47 Cal.3d 863, 872, fn. omitted.)

"To determine 'whether there was a favorable termination,' we look at the judgment as a whole in the prior action… .' [Citation.] 'It is not essential to maintenance of an action for malicious prosecution that the prior proceeding was favorably terminated following trial on the merits.' [Citation.] Rather, '[i]n order for the termination of a lawsuit to be considered favorable to the malicious prosecution plaintiff, the termination must reflect the merits of the action and the plaintiff's innocence of the misconduct alleged in the lawsuit.' [Citation.]" (*Casa Herrera, Inc. v. Beydoun*, *supra*, 32 Cal.4th at pp. 341-342.) "However, a '"favorable" termination does not occur merely because a party complained against has prevailed in an underlying action. … If the termination does not relate to the merits—reflecting on neither innocence of nor responsibility for the alleged misconduct—the termination is not favorable in the sense it would support a subsequent action for malicious prosecution.' [Citation.] Thus, a 'technical or procedural [termination] as distinguished from a substantive termination' is not favorable for purposes of a malicious prosecution claim. [Citation.] Examples include dismissals (1) on statute of limitations grounds [citations]; (2) pursuant to a settlement [citation]; or (3) on the grounds of laches [citation]." (*Id*. at p. 342.) "Other examples include (1) for lack of jurisdiction [citation]; (2) for being moot [citation]; (3) for lack of standing [citation]; (4) for being premature [citation]; and (5) for avoiding litigation expenses [citation]." (*JSJ Limited Partnership v. Mehrban*, *supra*, 205 Cal.App.4th at p. 1525, fn. omitted.)

In *JSJ Limited Partnership v. Mehrban*, *supra*, 205 Cal.App.4th 1512, the Court of Appeal held that a dismissal of a cause of action based on the doctrine of res judicata was not a favorable termination for purposes of a malicious prosecution suit. The plaintiff in the underlying action was a restaurant patron who filed two separate lawsuits against a commercial landlord based on common allegations that a restaurant on the landlord's property failed to provide reasonable accommodations to disabled customers. (*Id*. at

10

p. 1517.) The landlord prevailed at trial in the first action, and the trial court ruled that the second action was barred by res judicata. The landlord thereafter sued the patron and his attorney for malicious prosecution and the attorney filed a special motion to strike under section 425.16. (*Id.* at pp. 1518-1519.) The Court of Appeal concluded that the motion to strike should have been granted because "the successful invocation of the defense of res judicata in the underlying claim is not a determination on the merits for purposes of a malicious prosecution action." (*Id.* at p. 1527.) The court reasoned that "[r]es judicata can be viewed as procedural in connection with malicious prosecution, for res judicata is not based on whether a party's claim is actually meritorious. Rather, the doctrine is an affirmative defense, which as a matter of procedure, bars the claim . . . whether the claim is meritorious or not." (*Id.* at p. 1526.)

In this case, we conclude that Chulak's special motion to strike was properly granted because DLCC failed to meet its burden of proving that the second lawsuit was terminated on its merits.[5] As a preliminary matter, we note that, in opposing the special motion to strike, DLCC asked the trial court to take judicial notice of the complaints filed by Chulak in the first and second lawsuits and the order in the second lawsuit dismissing the first three causes of action with prejudice. There is no indication in the record, however, that DLCC asked the trial court to take judicial notice of its demurrer in the second lawsuit or the ruling on that demurrer, or that any party otherwise presented these documents to the trial court in the malicious prosecution action.[6] Therefore, based on the

---

[5]     This conclusion is not intended to evince approval of the litigation tactics involved in filing the same claims in two pending proceedings; as the court impliedly recognized in sustaining the demurrer, there is no valid legal basis to do so.

[6]     In the joint appendix filed on appeal, DLCC did include copies of its demurer to the complaint filed in the second lawsuit and a notice of the ruling on the demurrer. However, it does not appear that either of these documents was ever submitted to the trial court for consideration in ruling on the special motion to strike. It is improper to include documents that were not filed or lodged with the trial court in a joint appendix on appeal. (Cal. Rules of Court, rule 8.124(g); *Perez v. Grajales* (2008) 169 Cal.App.4th 580, 592, fn. 11.)

11

evidence that was before the trial court in ruling on the special motion to strike, DLCC merely established that each cause of action alleged against it in the second lawsuit was dismissed with prejudice following an order sustaining a demurrer to those causes of action without leave to amend. The evidence, however, failed to show the specific legal grounds for DLCC's demurrer or the resulting dismissal.

Even if we assume, as DLCC contends on appeal, that the causes of action alleged against it in the second lawsuit were dismissed on the basis of section 430.10, subdivision (c) ("[t]here is another action pending between the same parties on the same cause of action"), a dismissal on such grounds does not constitute a termination on the merits. An answer or demurrer brought under section 430.10, subdivision (c) is a plea in abatement. When a plaintiff attempts to divide a primary right and enforce it in two suits, a defendant may respond by either of two means: "'(1) if the first suit is still pending when the second is filed, the defendant in the second suit may plead that fact in *abatement* [under section 430.10, subdivision (c)]; or (2) if the first suit has terminated in a judgment on the merits adverse to the plaintiff, the defendant in the second suit may set up that judgment as a bar under the principles of *res judicata* [citation].'" (*Hamilton v. Asbestos Corp.* (2000) 22 Cal.4th 1127, 1146.) Like res judicata, application of section 430.10, subdivision (c) does not address the substantive merits of the underlying claim. Rather, it bars the claim as a matter of procedure regardless of the merits because the same claim is already pending in another action between the parties. Furthermore, whereas a dismissal based on res judicata requires a final judgment in the prior action, a dismissal under section 430.10, subdivision (c) does not. To the contrary, the defense only applies when the first action between the parties is still pending. Here, although the causes of action alleged against DLCC in the second lawsuit were dismissed with prejudice, those same causes of action remained pending against DLCC in the first lawsuit at the time it filed its malicious prosecution complaint. Indeed, the claims alleged in the first lawsuit still have not been adjudicated and are currently set for trial at a future date.

DLCC argues that the judgment of dismissal in the second lawsuit should be considered a judgment on the merits because "whatever the underlying merits of these

12

causes of action in the original suit, no legal theory supports pursuing them in a second suit." However, as the Court of Appeal observed in *JSJ Limited Partnership v. Mehrban*, "'[w]hether a prior action was legally tenable goes to the issue of probable cause, that is, did the defendant have an honest and reasonable belief in the truth of the allegations. [Citation.] Whether a prior action was terminated favorably tends to show the innocence of the defendant in the prior action [citations], and is not affected by the objective tenability of the claim. In short, these two elements of the malicious prosecution tort serve different purposes, and the legal tenability of the underlying action is not the standard by which to judge whether the action was terminated in [the plaintiff's] favor.'" (*JSJ Limited Partnership v. Mehrban*, *supra*, 205 Cal.App.4th at pp. 1526-1527.) Because DLCC failed to establish that the dismissal of the claims alleged against it in the second lawsuit was a favorable termination on the merits, it did not meet its burden of proving a probability of prevailing on its malicious prosecution complaint. The trial court accordingly did not err in granting Chulak's special motion to strike.[7]

## IV. Attorney's Fees and Costs on Appeal

Chulak requests an award of attorney's fees and costs on appeal. Section 425.16, subdivision (c), provides that "[i]n any action subject to subdivision (b), a prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs." The right to recover fees and costs extends to those incurred on appeal. (*Rosenaur v. Scherer* (2001) 88 Cal.App.4th 260, 287 ["appellate courts have construed section 425.16, subdivision (c), to include an attorney fees award on appeal"]; *Dove Audio, Inc. v. Rosenfeld, Meyer & Susman* (1996) 47 Cal.App.4th 777, 785 ["[s]ince section 425.16, subdivision (c) provides for an award of attorney fees and costs to a prevailing defendant on a special motion to strike, and does not preclude recovery

---

[7] DLCC also appeals the trial court's award of attorney's fees and costs to Chulak, asserting that because the court erred in granting the special motion to strike, Chulak was not entitled to recover his fees or costs under section 425.16. Because we conclude that Chulak's motion was properly granted, we need not address this issue.

13

of appellate attorney fees by a prevailing defendant-respondent, those fees are recoverable"].)  As the successful party in this appeal, Chulak is entitled to recover his attorney's fees and costs on appeal in an amount to be determined by the trial court.

## DISPOSITION

The order granting Chulak's special motion to strike is affirmed.  Chulak shall recover his attorney's fees and costs on appeal, and the matter is remanded to the trial court to determine the amount of attorney's fees and costs to be awarded.

ZELON, J.

We concur:

PERLUSS, P. J.

WOODS, J.

14