Filed 6/24/26  Thottam v. Edgar CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| PHOENIX THOTTAM,<br><br>    Cross-complainant and Appellant,<br><br>    v.<br><br>CARLY EDGAR et al.,<br><br>    Cross-defendants and Respondents. | B351320<br>(Los Angeles County<br> Super. Ct. No. 25AVCV00804) |

APPEAL from order of the Superior Court of the County of Los Angeles, Daniel L. Alexander, Judge.  Affirmed.

Phoenix Thottam, in pro. per., for Cross-Complainant and Appellant.

Manning Law, Craig Coté and Tristan P. Jankowski, for Cross-Defendants and Respondents.

Phoenix Thottam appeals from the trial court's order granting cross-defendant Carly Edgar's motion to strike his cross-complaint pursuant to the anti-SLAPP statute, Code of Civil Procedure section 425.16.[1]  We affirm and remand the case to the trial court to consider Edgar's request for appellate attorney fees.

## FACTUAL AND PROCEDURAL BACKGROUND

### A.    Edgar's Complaint

In June 2025, Edgar filed a verified complaint with the following relevant allegations.  Edgar was a member of a protected class under the Americans with Disabilities Act of 1990 (ADA; 42 U.S.C. §§ 12101 et seq.; 12102(2)) and relied on a wheelchair for mobility.  She was a "high-frequency litigant" who had filed more than 10 complaints alleging a construction-related accessibility claim in the preceding 12 months.[2]

Thottam owned a property in Pearblossom on which defendant F. Javier Jimenez operated a Shell-branded business.  In October 2024, Edgar made a purchase at the business.  She encountered architectural barriers that violated the Standards for Accessible Design prescribed by the ADA (ADA Standards),

---

[1]     Undesignated statutory references in this opinion are to the Code of Civil Procedure.

[2]     Private individuals may bring actions to enforce construction-related accessibility requirements.  (Civ. Code, § 55.)  A "'high-frequency litigant'" includes a "plaintiff who has filed 10 or more complaints alleging a construction-related accessibility violation within the 12-month period immediately preceding the filing of the current complaint alleging a construction-related accessibility violation." (§ 425.55, subd. (b)(1).)  Special requirements, not implicated in this appeal, apply to complaints filed by such litigants.  (See § 425.50; Gov. Code § 70616.5.)

including an unsecured floor mat, aisles that did not provide adequate clear width, a transaction counter that exceeded the maximum allowed height, and inadequate clear floor space in front of the counter.  She asserted a single claim for violation of the Unruh Civil Rights Act (Civ. Code, § 51 et seq.) and prayed for injunctive and declaratory relief, statutory damages, and attorney fees.

## B.    Thottam's Cross-Complaint

Thottam answered the complaint and filed a verified cross-complaint against Edgar and her attorneys, Manning Law, APC and Craig Coté (collectively, cross-defendants).  He alleged his "cross-complaint ar[ose] from Cross-Defendants' bad faith, abusive, and vexatious initiation and prosecution of a knowingly meritless disability access lawsuit, filed as a means of extracting settlement payments from innocent property owners."  Further, the complaint "[was] part of a systemic pattern of filings by a self-admitted high-frequency litigant (HFL) and her counsel aimed at leveraging against Defendants the cost of defense rather than actually or materially vindicating actual civil rights." (Underlining omitted.)  Thottam asserted claims for malicious prosecution, abuse of process, civil conspiracy, intentional infliction of emotional distress (IIED), declaratory relief, and a request for sanctions.  He prayed for compensatory and punitive damages of no less than $500,000, declaratory relief, sanctions, and attorney fees.

## C.    Edgar's Anti-SLAPP Motion

Edgar filed a special motion to strike the cross-complaint. She argued the cross-claims arose from protected conduct — the

3

filing of the complaint.  She argued Thottam could not demonstrate a probability of prevailing because the cross-claims were barred by the litigation privilege (Civ. Code § 47, subd. (b)).  She also argued he could not establish the underlying case was terminated in his favor, an essential element of his cross-claim for malicious prosecution.

In a declaration, Edgar described her disabilities, her reliance on a wheelchair, and her visit to the gas station and store located on Thottam's property.  According to Edgar, obstacles inside prevented her from using the ATM and buying food and drink.  A floor mat caught the wheels of her wheelchair, boxes blocked her path through narrow aisles, and a display of chip bags "stuck out" and hit her face.  The transaction counter was too high for her to use, and employees did not assist her.

Corey Taylor, a California Certified Access Specialist (CASp),[3] also provided a declaration describing an inspection of the store he conducted in June 2025.  Taylor described access barriers that violated the ADA Standards, including the unsecured floor mat; walking surfaces that, in three locations, did not provide clear width of the required minimum of 36 inches; a transaction counter that was 1.5 inches taller than the allowed maximum height; and clear space at the counter smaller than the standard required.

Edgar's counsel provided a declaration to support the request for attorney fees of $13,000.

---

[3]     A CASp has been certified pursuant to Government Code section 4459.5 to provide services that include investigating facilities for compliance with state and federal accessibility laws, standards, codes, and regulations.  (Civ. Code, § 55.52, subd. (a)(3); Cal. Code Regs., tit. 21, § 113.)

4

In opposition, Thottam filed no evidence and asserted no objection to Edgar's evidence.  He filed only a six-page brief.  He argued the cross-complaint did not arise from protected conduct because it did not target Edgar's lawsuit but instead was directed toward a pattern of predatory ADA litigation and falsified factual contentions filed with the intent to extort owners and induce settlements.

Thottam addressed the litigation privilege in four sentences.  He did not dispute that the IIED, declaratory relief, and sanctions claims were barred by the privilege but argued, without analysis, that it did not apply to the other cross-claims and did not protect attorneys from liability for misconduct arising from exploitative litigation tactics.  He argued that Edgar's status as a high-frequency litigant and her "exaggerated and immaterial claims" exposed cross-defendants to liability for "weaponizing the litigation process for economic gain."  Thottam did not oppose the attorney fee request.

Following a hearing, the trial court granted the motion and awarded attorney fees of $13,000 to Edgar.  Thottam appealed from the order granting the motion.

## DISCUSSION

### A.  Governing Law - the Anti-SLAPP Statute

"A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim."  (§ 425.16, subd. (b)(1).)  An

5

"'act in furtherance of a person's right of petition or free speech . . . in connection with a public issue'" includes written statements "in connection with an issue under consideration or review" by a "judicial body" and other conduct "in furtherance of the exercise of the constitutional right of petition . . . ." (§ 425.16, subd. (e)(1), (2), (4).)

"Anti-SLAPP motions are evaluated through a two-step process. Initially, the moving defendant bears the burden of establishing that the challenged allegations or claims 'aris[e] from' protected activity in which the defendant has engaged." (*Park v. Board of Trustees of California State University* (2017) 2 Cal.5th 1057, 1061.) "If the defendant carries its burden, the plaintiff must then demonstrate its claims have at least 'minimal merit.'" (*Ibid.*)

We review an order granting an anti-SLAPP motion de novo and in so doing, conduct the same two-step analysis. (*Newport Harbor Offices & Marina, LLC v. Morris Cerullo World Evangelism* (2018) 23 Cal.App.5th 28, 42.) We analyze the issues independent of the trial court's reasoning, and if the decision is correct on any theory, we affirm the order regardless of the correctness of the grounds on which the court reached its conclusion. (*White v. Davis* (2023) 87 Cal.App.5th 270, 287.)

## B.    Analysis[4]

Thottam asserts error in both steps of the anti-SLAPP analysis.

---

[4]    We deny Thottam's request for judicial notice of an order and amended cross-complaint, both filed in the trial court after the anti-SLAPP ruling. (*In re Kenneth D.* (2024) 16 Cal.5th 1087, 1106

*1.    Step One - The Cross-Claims Arose From Protected Conduct*

The trial court found that all causes of action in the cross-complaint were based on protected conduct.  We agree.

"Filing a lawsuit is an act in furtherance of the constitutional right of petition, regardless of whether it has merit."  (*JSJ Limited Partnership v. Mehrban* (2012) 205 Cal.App.4th 1512, 1521.)  Here, each of Thottam's cross-claims arose from Edgar's filing a lawsuit.  Thottam's malicious prosecution claim alleged that the "underlying complaint was filed without probable cause and with malice."  The abuse of process claim alleged cross-defendants "willfully misused the legal process by filing this action not for adjudication on the merits, but to pressure settlement from a baseless claim."  The civil conspiracy claim alleged cross-defendants "acted in concert to engage in unlawful and fraudulent litigation conduct," and "jointly agreed to use the litigation process to harm and harass" Thottam.  The declaratory relief claim alleged an actual controversy regarding cross-defendants' "liability for bad faith litigation" and sought a declaration that the "underlying lawsuit was initiated and pursued in bad faith and without probable cause."  The IIED and sanctions claims incorporated the preceding allegations.

Thottam contends the trial court summarily found he based all his claims on the filing of Edgar's complaint, when it should have engaged in a claim-by-claim analysis.  He does not, however, identify any allegations of unprotected conduct that would support a claim against cross-defendants.  Instead, citing

[reviewing courts generally do not take judicial notice of evidence not presented to the trial court].)

7

*Flatley v. Mauro* (2006) 39 Cal.4th 299 (*Flatley*), he argues that, to the extent he alleged that Edgar's action "was pursued through unlawful or extortionate misuse of process, such conduct is not protected if illegality is established as a matter of law." Thottam fails, however, to support this argument with analysis or citation to the record. Accordingly, we deem it forfeited. (*United Grand Corp. v. Malibu Hillbillies, LLC* (2019) 36 Cal.App.5th 142, 153.)

Even if not forfeited, the narrow exception described in *Flatley* does not compel reversal. The *Flatley* plaintiff sued an attorney for engaging in extortionate communications, and the attorney moved to strike the complaint under the anti-SLAPP statute. Our Supreme Court held the motion was properly denied because the anti-SLAPP statute is not available to strike a complaint when the moving defendant concedes, or the evidence conclusively establishes, that the allegedly protected speech was illegal as a matter of law. (*Flatley*, *supra*, 39 Cal.4th at p. 320.) This exception is generally limited to criminal, not merely illegal, conduct. (See *Fremont Reorganizing Corp. v. Faigin* (2011) 198 Cal.App.4th 1153, 1169.) Here, Thottam fails to show that cross-defendants engaged in protected speech that was illegal, let alone criminal, as a matter of law. Cross-defendants do not concede their actions were illegal, and in opposition to the anti-SLAPP motion, Thottam submitted no evidence to establish illegality conclusively. He did not show that the "narrow circumstance" described in *Flatley* exist in this case.

> 2. *Step Two - Minimal Merit of The Cross-Claims*

Thottam contends that in conducting the second step of its anti-SLAPP analysis, the trial court improperly found the entire

8

cross-complaint barred by the litigation privilege.[5]  As we will explain, the court correctly found that the privilege barred all cross-claims except for malicious prosecution.  To the extent it found the privilege barred the malicious prosecution claim, any error was harmless.

The litigation privilege is relevant to the second step in the anti-SLAPP analysis in that "it may present a substantive defense a plaintiff must overcome to demonstrate a probability of prevailing." (*Flatley, supra,* 39 Cal.4th at p. 323.)  The privilege applies to any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that [has] some connection or logical relation to the action. (See *People v. Potter Handy, LLP* (2023) 97 Cal.App.5th 938, 947 (*Potter*).)  It is not limited to statements made during a trial or other proceedings, but may extend to steps taken prior thereto, or afterwards. (*Ibid.*)  The privilege is absolute, applying to all publications, irrespective of their maliciousness (*ibid.*), and it applies to all torts except malicious prosecution.  (*Id.* at p. 950.)

The litigation privilege has been held to bar a claim similar to Thottam's cross-claims.  In *Potter*, district attorneys sued a law firm for unlawful business practices under the unfair competition law (UCL) (Bus. & Prof. Code, § 17200, et seq.).  The appellate court, affirming an order sustaining a demurrer without leave to amend, reasoned:  "[T]he conduct alleged to violate the UCL is

---

[5]     Thottam did not argue to the trial court that the cross-claims for IIED, declaratory relief, and sanctions fell outside of the litigation privilege, and accordingly, has forfeited any such argument on appeal. (*Swain v. LaserAway Medical Group, Inc.* (2020) 57 Cal.App.5th 59, 68.)

9

the filing of ADA/Unruh Civil Rights Act lawsuits in federal court based on false standing allegations, and the use of those lawsuits to coerce settlements. Both types of conduct constitute communications falling within the broad reach of the privilege and its absolute protection of access to the courts." (*Potter, supra,* 97 Cal.App.5th at p. 948.) Here, as we have explained, each cross-claim arose from Edgar's filing her complaint and her alleged use of the litigation process to extract settlement payments. This was communicative conduct that fell within the litigation privilege, and Thottam failed to show that any exception applied. Hence, the privilege barred all the cross-claims except for malicious prosecution.

It is unclear from the trial court's order whether the malicious prosecution cross-claim was among those the court found to be barred by the privilege. To the extent it was, any such error was harmless. Cross-defendants persuasively argue, as they did below, that an essential element of malicious prosecution was absent: resolution of the underlying action in Thottam's favor. (*Citizens of Humanity, LLC v. Ramirez* (2021) 63 Cal.App.5th 117, 128.) This element requires termination of the entire action on the merits. (*Ibid.*) Thottam's malicious prosecution claim arose from his allegation that the "underlying complaint was filed without probable cause and with malice." However, the underlying case had not been terminated in his favor, preventing him from establishing the malicious prosecution claim had minimal merit.[6]

---

[6] Because we conclude Thottam failed to carry his burden of showing his cross-claims had minimal merit for the reasons we have discussed, we need not address his other contentions, including his

10

### 3.    Attorney Fees

Under subdivision (c) of section 425.16, "a prevailing defendant on a special motion to strike shall be entitled to recover that defendant's attorney's fees and costs." An award is made to "adequately compensate the defendant for the expense of responding to a baseless lawsuit." (*Dove Audio, Inc. v. Rosenfeld, Meyer & Susman* (1996) 47 Cal.App.4th 777, 785 (*Dove*).) We review an attorney fee award for abuse of discretion. (*Ibid.*)

The trial court granted Edgar's request for attorney fees of $13,000 based on her counsel's declaration that he spent 18 hours to draft the motion papers and his estimate of eight hours to draft a reply and prepare for argument. Thottam contends the award lacked evidentiary support because counsel did not furnish "task-by-task time entries" or evidence of time actually spent through the hearing.

These arguments are forfeited. Thottam did not oppose the fee request in the trial court. (See *Blackburn v. Charnley* (2004) 117 Cal.App.4th 758, 769 [arguments not raised in opposition to fee motion were forfeited].)

Thottam's arguments are unpersuasive in any event. Detailed time records were unnecessary. (See *Mardirossian & Associates, Inc. v. Ersoff* (2007) 153 Cal.App.4th 257, 269.) The trial court could rely on an estimate of the hours counsel expected to spend before the hearing. Before ruling on the fee request, the court could assess whether the reply and argument at hearing fairly represented eight hours of work. (See *G.R. v. Intelligator* (2010) 185 Cal.App.4th 606, 620–621 [rejecting losing anti-SLAPP plaintiff's argument that fee award should include only

_____

argument that the trial court erred in basing its step two decision on whether Edgar was likely to prevail on her complaint.

11

exact amounts, not estimates].)  Thottam also fails to explain why the time spent was excessive, giving us no reason to conclude the award was an abuse of the trial court's discretion.  (*Id*. at p. 621 [fee determination will not be disturbed unless the appellate court is convinced it is clearly wrong].)

Edgar requests attorney fees on appeal.  (*Dove, supra*, 47 Cal.App.4th at p. 785 [appellate attorney fees are recoverable by successful anti-SLAPP movant].)  We remand the case to the trial court to consider Edgar's request for attorney fees incurred in this appeal under section 425.16, subdivision (c).

## DISPOSITION

The trial court's order is affirmed.  The case is remanded to the trial court for consideration of Edgar's request for attorney fees incurred in this appeal.  Edgar is entitled to costs on appeal.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

MORI, Acting P. J.

We concur:

TAMZARIAN, J.

**COGLIATI, J.

---

** Judge of the Santa Cruz County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

12