Filed 6/11/15  Daniel v. Spellman CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| NATHAN G. DANIEL, | |
| Plaintiff and Appellant, | E060174 |
| v. | (Super.Ct.No. CIVRS1304204) |
| ROSE SPELLMAN, | OPINION |
| Defendant and Respondent. | |

APPEAL from the Superior Court of San Bernardino County.  Joseph R. Brisco, Judge.  Dismissed in part; affirmed in part.

Law Offices of Joseph W. Singleton and Joseph W. Singleton for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

Plaintiff and appellant Nathan G. Daniel brought suit against his former attorney, defendant and respondent Rose Spellman, contending that her successful petition for a civil harassment restraining order against him constituted an abuse of process.  In this appeal, Daniel seeks review of the trial court's orders (1) denying his peremptory

1

challenge to disqualify the judge pursuant to Code of Civil Procedure[1] section 170.6, and (2) granting Spellman's special motion to strike the complaint as a strategic lawsuit against public participation (anti-SLAPP motion) pursuant to section 425.16 (the anti-SLAPP statute).[2]

For the reasons stated below, Daniel's claim of error with respect to the trial court's denial of his peremptory challenge will be dismissed as a purported appeal of a nonappealable order, and we affirm the grant of Spellman's anti-SLAPP motion.

## I. FACTS AND PROCEDURAL BACKGROUND

On September 5, 2010, Daniel retained Spellman to represent him in two cases for wrongful foreclosure, brought against two separate banks. For reasons that are a matter of some dispute between the parties, and that are irrelevant to the present appeal, Spellman subsequently brought an ex parte motion to be relieved as counsel in one of the cases, with the intention of filing a similar motion in the second case shortly thereafter. Spellman's motion was heard on June 14, 2011, and was granted.[3]

Later, on June 14, 2011, Spellman filed a petition for a civil harassment restraining order against Daniel. Spellman's asserted basis for the restraining order was disturbing and threatening behavior by Daniel, beginning when she first requested he consent to her

[1] Further undesignated statutory references are to the Code of Civil Procedure.

[2] We address Daniel's other pending appeal (case No. E060026), from an order issued in an action brought by Spellman seeking a civil harassment restraining order (Super. Ct. case No. CIVRS1105739), in a separate opinion.

[3] Spellman was relieved as counsel in the second case in which she represented Daniel a month later, on July 15, 2011.

withdrawal as his counsel, and continuing particularly during and immediately after the hearing on her motion to be relieved as counsel. A temporary restraining order was issued on June 15, 2011. On July 20, 2011, after a series of continuances, Spellman was granted a restraining order against Daniel with a duration of three years, expiring at midnight on July 20, 2014.

On June 14, 2013, Daniel filed the present action, alleging that Spellman's petition for a restraining order constituted an abuse of process. On August 16, 2013, Spellman filed her anti-SLAPP motion.

On August 20, 2013, Spellman filed a notice of related case, informing the court that the present case is related to her petition for a restraining order. On August 22, 2013, the matter was assigned for all purposes, including hearing of Spellman's anti-SLAPP motion, to the same judge who had previously heard Spellman's petition for a restraining order. Daniel, however, apparently did not immediately receive notice that the case had been reassigned. Having learned of the reassignment—purportedly when confirming the hearing date for the anti-SLAPP motion—on September 24, 2013, he filed a peremptory challenge pursuant to section 170.6.

Both Spellman's anti-SLAPP motion and Daniel's peremptory challenge came on for hearing on November 8, 2013. The trial court denied Daniel's peremptory challenge, and granted Spellman's anti-SLAPP motion.[4]

_____

[4] Additional facts will be discussed below, as necessary to address Daniel's claims of error.

3

## II. DISCUSSION

**A. We Decline to Reach the Merits of Daniel's Claim of Error Regarding the Denial of His Peremptory Challenge to the Trial Judge.**

Daniel contends that the trial court erred by denying his peremptory challenge pursuant to section 170.6. We will not, however, reach the merits of this claim of error. It is well established that a timely writ petition is "the exclusive means of appellate review of an unsuccessful peremptory challenge." (*People v. Hull* (1991) 1 Cal.4th 266, 268.) Daniel argues at some length that we nevertheless have the discretion to reach the merits of his claim of error, and that we should do so. But while we agree with Daniel regarding the scope of our discretion, we decline to exercise it as he has requested.

We have the discretion to reach the merits of Daniel's arguments by treating his purported appeal of the denial of his peremptory challenge as a petition for a writ of mandate. (*Olson v. Cory* (1983) 35 Cal.3d 390, 400-401.) But we disagree that it makes sense to do so here. Immediately after denying Daniel's peremptory challenge, the trial court judge disposed of the case in its entirety by granting Spellman's anti-SLAPP motion. Even if we were to agree with Daniel regarding the merits of the trial judge's ruling on his peremptory challenge, judicial economy would hardly be promoted by remanding the case for Spellman's anti-SLAPP motion to be heard again by a different judge, whose ruling we would review de novo in any case. (See *Flatley v. Mauro* (2006) 39 Cal.4th 299, 314 (*Flatley*) ["'Review of an order granting or denying a motion to strike under section 425.16 is de novo.'"].) And, for the reasons discussed later in this opinion, Spellman's anti-SLAPP motion was properly granted, so there is no need for us

4

to remand the matter for any further proceedings.  As such, even assuming the trial court's ruling on Daniel's peremptory challenge was erroneous, the error could have no effect on the ultimate outcome of the case, and therefore is harmless.  (See *People v. Watson* (1956) 46 Cal.2d 818, 836 [reversal required only when "it is reasonably probable that a result more favorable to the appealing party would have been reached in the absence of the error"].)

Because Daniel's claim of error with respect to the denial of his peremptory challenge constitutes a purported appeal of a nonappealable order, that portion of his appeal will be dismissed.

## B.  The Trial Court Did Not Err by Granting Spellman's Anti-SLAPP Motion.

Daniel contends that the trial court's grant of Spellman's anti-SLAPP motion was erroneous, because "Daniel established a prima facie case for Abuse of Process."  Our de novo review of the record leads us to the same conclusion as the trial court:  Spellman's anti-SLAPP motion was properly granted.

### 1.  Standard of Review

Courts construe the anti-SLAPP statute broadly to protect the constitutional rights of petition and free speech.  (§ 425.16, subd. (a); *Kibler v. Northern Inyo County Local Hospital Dist.* (2006) 39 Cal.4th 192, 199.)  In ruling on an anti-SLAPP motion, the trial court conducts a two-part analysis: the moving party bears the initial burden of establishing a prima facie case that the plaintiff's cause of action arose from the defendant's actions in furtherance of the rights of petition or free speech.  (§ 425.16, subd. (b)(1); *Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 67.)

5

"'[I]t is the *principal thrust or gravamen* of the plaintiff's cause of action that determines whether the anti-SLAPP statute applies . . . ." (*Raining Data Corp. v. Barrenechea* (2009) 175 Cal.App.4th 1363, 1369, original italics.) "[T]he critical point is whether the plaintiff's cause of action itself was *based on* an act in furtherance of the defendant's right of petition or free speech." (*City of Cotati v. Cashman* (2002) 29 Cal.4th 69, 78, original italics.) If the moving party meets its burden, the burden shifts to the plaintiff to establish a probability that he or she will prevail on the merits. (§ 425.16, subd. (b)(1); *Flatley*, *supra*, 39 Cal.4th at p. 314.)

"'Review of an order granting or denying a motion to strike under section 425.16 is de novo. [Citation.] We consider "the pleadings, and supporting and opposing affidavits . . . upon which the liability or defense is based." [Citation.] However, we neither "weigh credibility [nor] compare the weight of the evidence. Rather, [we] accept as true the evidence favorable to the plaintiff [citation] and evaluate the defendant's evidence only to determine if it has defeated that submitted by the plaintiff as a matter of law."'" (*Flatley*, *supra*, 39 Cal.4th at pp. 325-326.)

*2. Analysis*

Daniel has not disputed on appeal that his cause of action against Spellman arises from actions in furtherance of her right of petition—properly so, given that he conceded the issue below. Daniel's abuse of process claim is based on Spellman's petition for a restraining order. "'Filing a lawsuit is an act in furtherance of the constitutional right of petition, regardless of whether it has merit.'" (*Trapp v. Naiman* (2013) 218 Cal.App.4th 113, 120 [Fourth Dist., Div. Two].) The first prong of the anti-SLAPP analysis,

6

therefore, is satisfied, and we turn to whether Daniel established a probability that he would prevail on the merits.

Daniel argues on appeal that he "established a prima facie case for Abuse of Process," pointing to evidence that he contends satisfies the elements of an abuse of process cause of action. He ignores, however, the trial court's finding that the litigation privilege applies and precludes any possibility, let alone probability, that he would prevail on the merits, no matter whether he could otherwise prove the elements of an abuse of process claim.

The trial court was correct that Daniel's claim for abuse of process is barred by the litigation privilege. The litigation privilege, codified at Civil Code section 47, defines a "privileged publication or broadcast" to include one made in any "judicial proceeding," with certain exceptions not relevant here. (Civil Code, § 47, subd. (b)(1).) "'The litigation privilege under section 47 is "'an "absolute" privilege, and it bars all tort causes of action except a claim of malicious prosecution.' [Citation.]" [Citation] . . . [¶] The privilege in section 47 is 'relevant to the second step in the anti-SLAPP analysis in that it may present a substantive defense plaintiff must overcome to demonstrate a probability of prevailing. [Citations.]" [Citation.]'" (*JSJ Limited Partnership v. Mehrban* (2012) 205 Cal.App.4th 1512, 1522 (*JSJ Limited Partnership*).)

Nothing in the record provides any support for the proposition that the litigation privilege might not apply here. To the contrary, because Spellman is being sued for filing her petition for a restraining order against Daniels, and her purported conduct during that litigation, "'the litigation privilege . . . forecloses the pursuit of' the abuse of

7

process cause of action." (*JSJ Limited Partnership*, *supra*, 205 Cal.App.4th at p. 1523.) Accordingly, Daniels failed to carry his burden of showing a probability of success on his abuse of process claim, and Spellman's anti-SLAPP motion was properly granted.

## III. DISPOSITION

Daniel's purported appeal from the order denying his peremptory challenge to the trial judge is dismissed. The trial court's order with respect to Spellman's anti-SLAPP motion is affirmed. Spellman is awarded her costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST
J.

We concur:

RAMIREZ
P.J.

KING
J.

8